IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 21–85–BLG–DLC |
| Plaintiff, | |
| vs. | ORDER |
| STACIE MARIE THEIN, | |
| Defendant. | |

Before the Court is Defendant Stacie Marie Thein's Unopposed Motion for Early Termination of Supervision. (Doc. 92.) The United States does not oppose. (*Id.* at 1–2.) United States Probation Officer McKenna Arledge does not oppose. (*Id.* at 2.) For the reasons below, the Court grants the Motion.

## Background

On October 18, 2022, Defendant was sentenced for possession with intent ot distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). (Doc. 34.) The Court sentenced Defendant to time served, followed by five years of supervised release. (*Id.* at 2–3.) Defendant began serving her term of supervised release on October 18, 2022 and has had no reported violations.

**Discussion**

A court may "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In determining whether to terminate a term of supervised release, courts consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3564. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

*United States v. Smith*, 219 F. App'x 666, 667 (9th Cir. 2007) (unpublished).

Defendant argues that her supervised release should be terminated because she has served 28 months of supervision. (Doc. 93 at 3.) Defendant further explains that she has maintained employment and will be acquiring her flagger certification in March 2025. (*Id.*) While on supervised release, Defendant has completed counseling and continues to attend an AA meeting almost every day.

2

(*Id.*) Since becoming sober, Defendant has taken up hiking, fishing, and arts and crafts. (*Id.*)

Based on Defendant's compliance with the terms of supervision, her commitment to sobriety, and her regular employment, the Court believes Defendant can live a productive and law-abiding life without the supervision of the Court.

Thus, in weighing "the nature and circumstances of the offense" against the "characteristics" of Defendant, along with the need to promote "deterrence" and "protect the public," the Court agrees with Defendant that continued supervision is no longer necessary.

Accordingly, IT IS ORDERED that Defendant's Motion (Doc. 92) is GRANTED. Stacie Marie Thein's term of supervised release is TERMINATED as of the date of this Order.

DATED this 25th day of February, 2025.

_____
Dana L. Christensen, District Judge
United States District Court